IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


CHRISTOPHER LEE CRESPIN,

    Plaintiff,

vs.                                                                                                  No. 18-cv-1200 MV-GBW

ALBUQUERQUE POLICE DEPARTMENT,

    Defendants.


**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Plaintiff's Civil Rights Complaint (Doc. 1). He is incarcerated, *pro se,* and proceeding *in forma pauperis.* Plaintiff contends that officers laughed at him after a police dog bit his leg. Having reviewed the matter under 28 U.S.C. § 1915(e), the Court finds that while the allegations may survive initial review, Plaintiff failed to name the officers involved in the incident. The Court will therefore direct Plaintiff to file an amended complaint.

**I. Background**[1]

    Plaintiff is an inmate at the Penitentiary of New Mexico ("PNM"). He alleges that on December 14, 2017, Albuquerque Police Department ("APD") officers arrested him for an unspecified crime. (Doc. at 1). During the arrest, a K-9 Unit dog bit his leg. *Id.* It is not clear why the dog was released, but arresting officers allegedly laughed about the bite. *Id.* Plaintiff sustained substantial damage to his leg from the dog bite and was treated at the hospital. *Id.* He also alleges that the officers should have had mental health personnel present during the arrest, as

---

[1] The background facts are taken from Plaintiff's complaint (Doc. 1). For the purpose of this ruling, the Court assumes Plaintiff's allegations are true.

he suffers from schizophrenia, bipolar disorder, and post-traumatic stress disorder. *Id.* at 3.

As a result of his arrest, Plaintiff is now afraid of dogs and has panic attacks when they visit the prison. (Doc. 1 at 3). The Complaint seeks $100,000 in damages from APD and asks the Court to vacate his criminal judgment and release him from prison. *Id.* at 5. Plaintiff obtained leave to proceed *in forma pauperis*, and the Complaint is ready for initial review.

## II. Standard of Review

The Court has discretion to dismiss an *in forma pauperis* complaint at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) of the Federal Rules of Civil Procedure if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.*

Further, *pro se* plaintiffs should ordinarily be given the opportunity to cure defects in the original complaint, unless amendment would be futile. *Id.* at 1109.

## III. Discussion

Plaintiff's constitutional claims are asserted pursuant to 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

The factual scenario Plaintiff describes - where officers looked on and laughed while the K-9 dog bit his leg - would ordinarily survive initial review. However, before the Court can order an answer and a *Martinez*[2] investigation, Plaintiff must name the officers who were personally involved in his arrest. "A successful § 1983 complaint must make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008). Accordingly, the Court will direct Plaintiff to file an amended complaint naming the individual officers within seventy-five (75) days of entry of this Order. The amended complaint should also provide more

---

[2] *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) established a procedure to conduct special investigations in lieu of tradition discovery in prisoner cases.

3

detail about Plaintiff's ongoing state lawsuit. The Complaint appears to indicate that Plaintiff filed a separate lawsuit in New Mexico's Second Judicial District Court addressing the same facts involved in this action. (Doc. 1 at 4). While it is important that Plaintiff's claims are addressed, the Court wants to make sure it does not adjudicate claims that are already pending, or were resolved, in another forum. If Plaintiff declines to timely file an amended complaint addressing the above issues or files an amended complaint that similarly fails to state a claim, the Court may dismiss the case without further notice.

**IT IS ORDERED** that Plaintiff shall file an amended complaint addressing the above issues within seventy-five (75) days of entry of this Order.

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE