IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER LEE CRESPIN,

    Plaintiff,

vs.                                                    No. 18-cv-1200 MV-GBW

ALBUQUERQUE POLICE DEPARTMENT,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court following Plaintiff Christopher Lee Crespin's failure to file an amended civil rights complaint as directed. Plaintiff is incarcerated, *pro se,* and proceeding *in forma pauperis.* His original complaint challenged the manner of his December 14, 2017 arrest by unnamed Albuquerque Police Department ("APD") officers. A K-9 Unit dog allegedly bit Plaintiff's leg while the unnamed officers laughed. (Doc. 1 at 1). He sustained substantial injuries to his leg and was treated at the hospital. *Id.* Plaintiff believes that mental health personnel should have been present during the arrest, as he suffers from schizophrenia, bipolar disorder, and post-traumatic stress disorder. *Id.* at 3. The original complaint sought $100,000 in damages under 42 U.S.C. § 1983 along with Plaintiff's release from prison. *Id.* at 5.

    By an Order entered June 17, 2020, the Court screened the original complaint and determined that Plaintiff failed to state a cognizable claim. (Doc. 21); *see also* 28 U.S.C. § 1915(e) (requiring *sua sponte* screening of *in forma pauperis* complaints). Although the above factual allegations would ordinarily survive initial review, the original complaint failed to identify the officers involved in his arrest. Consistent with *Hall v. Bellmon,* 935 F.2d 1106 (10th Cir. 1991), the Court permitted Plaintiff to file an amended complaint within seventy-five (75) days of entry

of the Memorandum Opinion and Order.  The ruling included instructions on what information Plaintiff should include in his amended pleading.  For example, Plaintiff was reminded that "[a] successful § 1983 complaint must make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008).  Plaintiff was also warned that if he declines to timely file an amended complaint or files an amended complaint that fails to state a claim, the Court would dismiss this case without further notice.

The deadline to file an amended complaint was August 31, 2020.  Plaintiff did not comply or otherwise respond to the Memorandum Opinion and Order.  The Court will therefore dismiss this action pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.  Based on the serious nature of the claims, the dismissal will be without prejudice to refiling.  However, Plaintiff may still have to overcome a statute of limitations defense if he refiles a federal case.[1]

**IT IS ORDERED** that Plaintiff Christopher Lee Crespin's Prisoner Civil Rights Complaint (**Doc. 1**) is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

---

[1] The original complaint indicates that Plaintiff may also be prosecuting a concurrent state court lawsuit against the arresting officers.  (Doc. 1 at 4).  This dismissal does not constitute a ruling on the merits and has no impact on that state case.